**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Kenneth Landberg<br>PO Box 34<br>Nova, OH 44859 | ) Case No.: _____ |
| | ) |
| Plaintiff, | ) Judge: _____ |
| | ) |
| v. | ) |
| | ) |
| Newburgh Heights Police Department<br>3801 Harvard Avenue<br>Newburgh Heights, Ohio 44105 | ) **COMPLAINT AND JURY DEMAND** |
| | ) |
| and | ) |
| | ) ***Jury Demand Endorsed Herein*** |
| The Village of Newburgh Heights<br>4000 Washington Park Blvd.<br>Newburgh Heights, Ohio 44105 | ) |
| | ) |
| and | ) |
| | ) |
| Trevor Elkins *(in his official and individual*<br>*capacity as Mayor of the Village of*<br>*Newburgh Heights)*<br>4000 Washington Park Blvd.<br>Newburgh Heights, Ohio 44105 | ) |
| | ) |
| and | ) |
| | ) |
| Gabe Barone *(in his official and individual*<br>*capacity as Chief of Police of the Newburgh*<br>*Heights Policy Department)*<br>6253 Chagrin River Rd.<br>Chagrin Falls, Ohio 44022 | ) |
| | ) |
| and | ) |
| | ) |
| John T. Majoy (*in his official and individual*<br>*capacity as Chief of Police of the Newburgh*<br>*Heights Policy Department)*<br>3801 Harvard Avenue<br>Newburgh Heights, Ohio 44105 | ) |
| | ) |
| Defendants. | |

Now comes Plaintiff Kenneth Landberg, by and through undersigned counsel, and for his Complaint against Defendants Newburgh Heights Police Department, The Village of Newburgh Heights, Trevor Elkins, in his individual and official capacity as Mayor of the Village of Newburgh Heights, Gabe Barone, in his individual and official capacity as (former) Chief of the Newburgh Heights Police Department and John T. Majoy, in his individual and official capacity as Chief of the Newburgh Heights Police Department, alleges and states as follows:

**PARTIES**

1. Plaintiff Kenneth Landberg ("Plaintiff" or "Landberg") was, at all times relevant, a resident of the State of Ohio, County of Ashland, Township of Nova.

2. Defendant Newburgh Heights Police Department ("NHPD") was, at all times relevant, a government agency providing police and safety services to the residents of the Village of Newburgh Heights, Ohio. NHPD is an employer within the meaning of federal and state law.

3. Defendant Village of Newburgh Heights ("Village" or "Newburgh Heights") was, at all times relevant, a municipality within the State of Ohio. Newburgh Heights is an employer within the meaning of federal and state law, and it is a political subdivision.

4. Defendant Trevor Elkins ("Mayor" or "Elkins") was the Mayor of the Village of Newburgh Heights from 2012 through to the present.

5. Defendant Gabe Barone ("Barone") was the Chief of Police in the Village of Newburgh Heights from 2010 through 2013.

6. Defendant John T. Majoy ("Majoy") has been the Chief of Police in the Village of Newburgh Heights from 2013 to the present.

**JURISDICTION AND VENUE**

7. Landberg reincorporates all paragraphs above as if fully rewritten herein.

8. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States.

9. Plaintiff's claims arise in part under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.  Landberg is within the protected age group, as he was at least 40 years of age at all times as alleged in this Complaint.  Landberg was subjected to adverse employment action during his employment with the Village that included retaliation and not being promoted, all leading up to his discriminatory and retaliatory termination.  At all times relevant herein, Landberg was qualified for each position he either held or sought and, in all relevant instances, he was either replaced by a substantially younger person or he was treated substantially worse than were substantially younger persons, under similar circumstances.

10. Defendants took numerous adverse actions against Landberg in retaliation for his exercise of rights under federal and Ohio law, all of which were known by Defendants, all of which were causally connected and motivated by Landberg's protected activity, and all of which resulted in adverse employment actions including, but not limited to: retaliatory behavior, the termination of Landberg's employment with the Village and NHPD, and subsequent negative and false retaliatory employment references provided by the Village and/or NHPD to potential employers, subsequent to Landberg's April 18, 2014 termination by one or more Defendants.

11. Supplemental jurisdiction over pending state claims lies with this Court pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this division and district.

13. On November 22, 2016, the EEOC sent Right to Sue letters to Landberg in connection with EEOC Charge Nos. 532-2014-01283 and 532-2014-01709.  (Right to Sue Letters are attached as Exhibits A and B, and the corresponding Charges are attached as Exhibits C and D).  Landberg's ADEA claims, as well as his related Federal retaliation claims in connection with Exhibits A through D, have been timely filed.  The allegations made in Exhibits C and D are incorporated herein by reference.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiff filed charges of discrimination on the bases of age discrimination and retaliation against Defendants with the Equal Employment Opportunity Commission ("EEOC").  *See* attached Exhibits C and D.

15. Plaintiff received "right-to-sue" letters from the EEOC dated November 22, 2016, in connection with the attached charges, see attached Exhibits A and B.

16. Plaintiff's claims outlined in Exhibits C and D, including the scope of such claims, are timely filed pursuant to Exhibits A and B.

## FACTUAL ALLEGATIONS

17. Landberg reincorporates all paragraphs above as if fully rewritten herein.

18. Landberg was born on February 15, 1950.  He is currently 66 years old.

19. Landberg has an extensive background in law enforcement, including employment in law enforcement positions with various Ohio municipalities, political subdivisions and the State of Ohio, all with successful job performance until January of 2012.

20. Landberg was employed by the Village and NHPD from November 21, 2000 through April 18, 2014. During this time, Landberg served as a Patrolman and as an "OIC" or Officer in Charge, and was, for a period of three days, assigned as Acting Chief by then-Mayor David Lanzola.

21. On or about May 3, 2005, Landberg began working four to seven days a week, 32-50 hours a week, yet was classified as a "part-time" officer for the Village and was paid as a part-time officer.

22. Upon information and belief, at this point, Landberg made significantly less than his younger counterparts, who were classified as full-time officers. This was one of the earlier instances of continuous age discrimination against Landberg.

23. During the course of 2009 and continuing through Landberg's termination, Landberg made several complaints to Defendants regarding his hours being cut and given to younger, less experienced officers.

24. Plaintiff continuously applied for, or otherwise sought, full-time positions and rank promotions throughout his career at NHPD between 2009 and 2014.

25. Each request was overlooked and the position and/or promotion was instead given to a younger, less experienced and/or less qualified officer.

26. Landberg also applied for or otherwise sought a number of promotions continuously during his employment with NHPD, all of which were discriminatorily rejected due to his age and/or as an act of retaliation due to Landberg having complained about not being promoted due to his age.

27. Any and all reasons advanced by Defendants for failing to promote Landberg are not legitimate, are discriminatorily based on age and/or retaliation and/or are a pretext designed to mask age discrimination and/or retaliation.

28. Landberg is a member of a protected class as he was over 40 years of age at all relevant times alleged herein, and he is a member of the class of individuals who complained about age discrimination who were then retaliated against by Defendants.

29. Other similarly situated employees who were not members of the protected class received promotions at or near the time that Landberg's requests for promotions were denied.[1]

30. In each instance, Landberg had experience and qualifications for each position he applied for or sought promotion to that were sufficient and substantially greater than those held by the younger individuals promoted instead of Landberg.

31. In each instance when Landberg was not promoted, his age and/or the fact that he had engaged in protected activity constituted discrimatory animus and was a substantial and/or motivating factor in the decision not to promote him.

32. Furthermore, at all relevant times, Landberg was a member of a protected class as he was over 40 years of age, he applied for and was qualified for the jobs he sought, and he was not hired and Defendants continued to seek younger applicants with similar or lesser qualifications than Landberg for these positions.  In each instance, no legitimate, non-discriminatory reason exists for not promoting Landberg or making him a full-time officer.  Age and retaliation played a role in Defendants' decision-making process not to

---

[1] Those treated better than Landberg were either under forty or significantly younger than Landberg.

hire and/or promote and/or make Landberg a full-time officer, all of which had a determinative influence on the outcome in each instance.

33. Furthermore, Landberg suffered disparate treatment from Defendants because of his age and/or because he engaged in protected activity by filing charges of age and retaliation discrimination and/or opposing age and/or retaliation discrimination.

34. Defendants' acts of disparate treatment were coupled with Defendants' decisions to treat Landberg differently than younger officers.

35. In January of 2012 Defendant Elkins officially became Mayor of the Village.

36. Landberg was written up by Defendants for numerous supposed violations.  The actions or inactions complained of against Landberg in these write-ups were the same actions and inactions performed by Landberg's younger counterparts, who were never disciplined in the way Landberg was disciplined. Some such instances include false write-ups for not following chain-of-command, failing to complete reports when computers were down, leaving shift early despite having received permission, and, incredibly, using a flash-light to direct traffic at night.

37. Landberg successfully worked in law enforcement with various municipalities and the State of Ohio for almost 30 years without receiving any discipline, prior to accepting employment with the Village. Subsequently, Landberg served as a law enforcement officer with the Village for more than a decade before Elkins became Mayor of the Village.

38. On or about October of 2013, Landberg submitted an entry for a MADD award. As Landberg was filling out this entry, he obtained verbal permission multiple times from Sgt. Mike Tsevdos to use his name on a letter of recommendation that Landberg submitted

for the award. Later, Tsevdos denied giving Landberg any such permission, and because of that denial Landberg was subjected to a 5-hour polygraph test which he passed. Landberg's truthfulness was absolute.

39. Tsevdos, much younger than Landberg, was not ordered to or subjected to any polygraph test at all, even though the results of Landberg's lengthy polygraph examination strongly drew into question Tsevdos's truthfulness.

40. In fact, after Landberg passed his unreasonably long polygraph, his awards from MADD were confiscated from him with no justifiable reason.

41. On or about June 26, 2013, Landberg pursued an employment opportunity with the Wellington School District. During an in-person meeting related to this employment opportunity Landberg wore a flannel shirt over his police uniform.[2] Landberg was written up by NHPD for wearing his shirt over his uniform, despite this being common practice among all younger officers. At the time, Landberg was the oldest officer working for NHPD.

42. On April 15, 2014, Defendants were served with a copy of EEOC Charge No. 532-2014-01283, a charge filed by Landberg alleging age and retaliation discrimination. Three days later, on April 18, 2014, Chief Majoy sent Landberg a letter informing him that he was being suspended without pay for 60 days. That same day, April 18, 2014, Mayor Elkins sent Landberg a letter indicating that he should be "removed."

---

[2] Landberg's "police uniform" included an issued firearm plus a backup. Landberg was also disciplined as a result of his visit to the Wellington School District, because a backup fell out of his cargo pants pocket – a permissible location for him to store his backup. However, the discipline related to the firearm falling out of his pants pocket has no bearing on this matter, especially since Landberg's termination occurred approximately 10 months after this occurrence.

43. These actions are clearly retaliatory and fall squarely within temporal proximity requirements.

44. Landberg was discriminatorily terminated from his employment with the Village and NHPD on April 18, 2014, nine days after Landberg filed EEOC Charge No. 532-2014-01283. This termination was age-based, contrived, pretextual and retaliatory.

45. After his employment with the Village and NHPD was terminated, Landberg sought employment as a police officer with several different Ohio municipalities.

46. One or more of the Defendants gave negative and false employment recommendations to these potential employers from whom Landberg had sought employment as a police officer, in retaliation for his prior protected activity.

47. Defendants' negative and false employment references interfered with, and continue to interfere with, business relationships that Landberg sought and/or is seeking in connection with his attempts to gain employment with various police departments.

48. Defendants specifically knew that their acts interfered with Landberg's existing business relationships with various police departments where he sought employment after having been discriminatorily terminated by Defendants.

49. Subsequent to Landberg's April 18, 2014 termination by Defendants, one or more Defendants intentionally interfered with Landberg's attempts at finding employment which have caused a breach, or termination, of the possible success at finding employment Landberg otherwise would have enjoyed in his quest to be reemployed as a police officer. This has resulted in monetary damages currently incalculable, along with other damages including (but not limited to) various re-certification requirements which will result in lost time and money.

50. At the time of this filing, the false and retaliatory references by one or more Defendants not only are causing Landberg significant financial hardship, but they are also bringing Landberg perilously close to losing his ability to work as a police officer without having to re-certify himself at significant time and expense unless he is able to find police work within the near future.

51. There existed no privilege on the part of Defendants to engage in the false employment references which have continued to bar or prevent Landberg from securing employment with other municipalities since the termination of his employment by Defendants.

52. Defendants lacked justification to make these false, improper employment references. Such actions by one or more of the Defendants constituted conduct that is actionable and retaliatorily motivated.

53. One or more of the Defendants interfered in Landberg's interest not only to be employed, but to mitigate his damages resulting from his termination. One or more of the Defendants have maintained a long-standing vendetta that stems from retaliation by Defendants for Landberg's having engaged in protected activity and which violates the social interests of allowing a police officer of 43 years to maintain a living wage. The actions and inactions of Defendants enumerated above have caused Landberg significant, continuing, and increasing emotional distress. Landberg seeks damages available through federal and state law not only for emotional distress but also punitive damages, attorneys' fees, the costs of prosecuting this matter, lost income with interest, lost and unpaid benefit including medical, dental, vision and PERS benefits, lost vacation and sick time as well as reinstatement with Village safety forces as if the discrimination and retaliation had never occurred.

## COUNT I
### (Age Discrimination – Failure to Promote)

54.  Landberg reincorporates all previous paragraphs as if fully rewritten herein.

55.  Landberg was, at all times relevant, a member of the protected age group, over 40 years of age.

56. One or more Defendants discriminated against Landberg based on his age in violation of R.C. § 4112.02(A), and 4112.99 and 29 U.S.C. §§ 621, 623 *et seq*, 28 U.S.C. § 1331 with respect to the tenure, terms, conditions, privileges, and other matters directly and/or indirectly related to his employment by failing to promote him in favor of similarly-situated younger co-workers, and by other means to be determined at trial.

57. Landberg was discriminated against, by failing to promote Landberg, in favor of less experienced, less qualified, younger individuals. He was born in 1950 and is currently 66 years old.

58. Landberg was subjected to adverse employment actions by being passed over for promotion in favor of significantly younger, less qualified individuals.

59. Landberg has a highly reputable extensive background in police work with multiple organizations and jurisdictions, and was, at all times relevant, extremely qualified for each position to which he applied and/or for which he was or should have been considered.

60. Upon information and belief, those candidates who did receive promotions denied to Landberg were less qualified, and received those promotions because of their younger age.

61. The allegations in the previous paragraphs and in the factual allegations above constitute age discrimination in violation of R.C. § 4112.02(A),  and 4112.99 and 29 U.S.C. §§ 621,

623 et seq., as well as in retaliation for having complained of such discrimination in violation of R.C. §4112.02(I) and 29 U.S.C. §623(d), for all of which Plaintiff seeks compensatory and punitive damages from Defendants, including damages for emotional distress, lost income and lost overtime, and liquidated damages, plus interest, costs, and attorney's fees in a sum in excess of $75,000.00. Defendants' conduct was malicious and/or intentional or was performed with reckless disregard for Landberg's rights.

62. Landberg seeks punitive damages not only against defendants sued in their individual capacities, but also seeks punitive damages against Newburgh Heights, a political subdivision. See O.R.C. 2744.05 and 2744.09 (B) and (C).

## COUNT II
### (Age Discrimination – Disparate Treatment)

63.  Landberg reincorporates all previous paragraphs as if fully rewritten herein.

64. One or more Defendants discriminated against Landberg based on his age in violation of R.C. § 4112.02(A), and 4112.99 and 29 U.S.C. §§ 621, 623 *et seq*, 28 U.S.C. § 1331 with respect to the tenure, terms, conditions, privileges, and other matters directly and/or indirectly related to his employment by treating him differently than similarly-situated younger co-workers, and by other means to be determined at trial.

65. Landberg was targeted for pretextual disciplinary actions, because of his age. Younger, similarly-situated coworkers were not disciplined, despite similar behavior.

66. Landberg was at all times relevant herein a member of the protected age group, over 40 years of age and in good health. He was born in 1950 and is currently 66 years old.

67.  Landberg was subjected to adverse employment action based on or because of his age. This is evidenced by Defendants' retaliatory acts of:  Landberg being written up for doing

things that were, by comparison, less offensive than younger officers, and by being subjected to extreme scrutiny as in the polygraph test issues alleged above.

68. Landberg was, at all times relevant herein, equally or more qualified than the significantly younger other officers who were never treated as unfairly, by comparison, as Landberg.

69. Landberg was ultimately replaced by (a) substantially younger person (s).

70. Defendants' conduct was malicious, and/or intentional or preformed with reckless disregard for the rights of Landberg.

71. Defendants conduct was in violation of R.C. § 4112.02(A), 4112.99 and 29 U.S.C. §623, constituted a conscientious disregard for Landberg's rights that had a probability of causing, and did cause and continues to cause economic, psychological, physical and emotional distress damages.

72. Landberg is entitled to appropriate damages because he was retaliated against for having complained of such discrimination in violation of R.C. §4112.02(I) and 29 U.S.C.§623(d), for which Plaintiff seeks compensatory and punitive damages from Defendants, including damages for emotional distress, and liquidated damages, lost income and overtime pay, plus interest, costs, and attorney's fees in a sum in excess of $75,000.00.

73. Landberg seeks punitive damages not only against defendants sued in their individual capacities, but also seeks punitive damages against Newburgh Heights, a political subdivision. See O.R.C. 2744.05 and 2744.09 (B) and (C).

## COUNT III
### (Age Discrimination: Termination)

74. Landberg reincorporates all previous paragraphs as if fully rewritten herein.

75. Landberg was at all time relevant, a member of the protected age group, over 40 years of age. He was born in 1950 and is currently 66 years old.

76. As alleged above, Landberg was subjected to an adverse employment action in that he was terminated from his employment by Defendants.

77. Landberg was, at all times relevant herein, qualified for each position he held with Defendants.

78. After Landberg was terminated, he was replaced by a substantially younger, less qualified individual.

79. The allegations in the previous paragraph and in the factual allegations above constitute age discrimination in violation of R.C. § 4112.02(A), and 4112.99 and 29 U.S.C. §623, as well as in retaliation for having complained of such discrimination in violation of R.C. §4112.02(I) and 29 U.S.C. §623(d), for all of which Plaintiff seeks compensatory and punitive damages from Defendants, including damages for emotional distress, lost income and lost overtime pay, and liquidated damages, plus interest, costs, and attorney's fees in a sum in excess of $75,000.00.

80. Landberg seeks punitive damages not only against defendants sued in their individual capacities, but also seeks punitive damages against Newburgh Heights, a political subdivision. See O.R.C. 2744.05 and 2744.09 (B) and (C).

## COUNT IV
### (Age Discrimination: Retaliation)

81. Landberg reincorporates all previous paragraphs as if fully rewritten herein.

82. Landberg engaged in activity protected by the ADEA, 29 U.S.C. §§ 621-634, by filing 3 charges of discrimination against Defendants, as well as having previously and directly complained about age discrimination in his employment with Defendants.

83. This exercise of protected civil rights by Landberg was known by Defendants.

84. Defendants thereafter took employment actions adverse to Landberg by way of disparately disciplining him, by treating him worse than his younger counterparts, by terminating him and by providing false and negative employment references preventing Landberg from mitigating his damages and earning a living.

85. Because of Landberg's protected activity, one or more Defendants subjected Landberg to retaliatory conduct including, but not limited to: terminating, disciplining, failing to promote and otherwise disparately treating Landberg, all for pretextual reasons.

86. Defendants knew or should have known of the retaliatory conduct to which Landberg was subjected, and failed to implement prompt and appropriate corrective action

87. The allegations in the previous paragraph and in the factual allegations above constitute age discrimination in violation of R.C. § 4112.02(A),  and 4112.99 and 29 U.S.C. §623, as well as in retaliation for having complained of such discrimination in violation of R.C. §4112.02(I) and 29 U.S.C.  §623(d), for all of which Plaintiff seeks compensatory and punitive damages from Defendants, including damages for emotional distress, and liquidated damages, lost income and overtime pay, plus interest, costs, and attorney's fees in a sum in excess of $75,000.00.

88. Landberg seeks punitive damages not only against defendants sued in their individual capacities, but also seeks punitive damages against Newburgh Heights, a political subdivision. See O.R.C. 2744.05 and 2744.09 (B) and (C).

## COUNT V
### (Tortious Interference with A Business Relationship)

89. Landberg reincorporates all previous paragraphs above as if fully rewritten herein.

90. Landberg had established business relationships with numerous law enforcement agencies by way of various application processes which Landberg engaged in after his termination by Defendants on April 18, 2014.

91. Defendants knew that Landberg was engaging in these business relationships.

92. Defendants intentionally caused a breach or termination of said relationships.

93. Landberg has suffered and continues to suffer damages resulting from Defendants' interference.

94. Defendants had no privilege to engage in the activity complained of herein. The actions herein by these Defendants were not only not privileged, but also lacked justification. Such interference with Landberg's efforts to find employment after his wrongful termination were improper.

95. As indicated above, Landberg invokes the supplemental jurisdiction of this Court regarding his claim, under Ohio law, of Tortious Interference with a Business Relationship.

96. Defendants' actions, described in the Factual Allegations section above, constitute tortious interference with a business relationship in violation of Ohio law.

97. Defendants actions, resulting from the same transaction or occurrence as the foregoing described herein, gives this Court supplemental jurisdiction over this state law claim.

98. As a direct and proximate cause of the foregoing conduct, Landberg has suffered economic, psychological, physical and emotional damages, and Landberg is entitled to appropriate damages in excess of $75,000.

99. Landberg seeks punitive damages not only against defendants sued in their individual capacities, but also seeks punitive damages against Newburgh Heights, a political subdivision. See O.R.C. 2744.05 and 2744.09 (B) and (C).

**COUNT VI**
**(Intentional Infliction of Emotional Distress)**

100. Landberg reincorporates all previous paragraphs above as if fully rewritten herein.

101. Defendants intended to and did cause Landberg emotional distress and/or should have known that their actions would result in serious emotional distress.

102. Defendants actions were, in all respects, extreme and outrageous.

103. Defendants actions proximately caused Landberg psychic injury.

104. The mental anguish Landberg suffered as a result of defendants actions was serious.

105. As a direct and proximate cause of the foregoing conduct, Landberg has suffered economic, psychological, physical and emotional damages, and, as such, Landberg is entitled to appropriate damages in excess of $75,000.

106. Landberg seeks punitive damages not only against defendants sued in their individual capacities, but also seeks punitive damages against Newburgh Heights, a political subdivision. See O.R.C. 2744.05 and 2744.09 (B) and (C).

## COUNT VII
### (Defamation Per Se)

107.    Landberg reincorporates all previous paragraphs above as if fully rewritten herein.

108.    Defendants made false and defamatory statements concerning Landberg in his business, trade, profession or office.

109.    Defendants published these false and defamatory statements without privilege to do so.

110.    Defendants intentionally and/or negligently made these publications without privilege to do so, which interfered with Landberg's trade and profession and Landberg's attempts to secure employment as a police officer after being terminated by defendants.

111.    As a direct and proximate cause of the foregoing conduct, Landberg has suffered economic, psychological, physical and emotional damages, and thus Landberg is entitled to appropriate damages in excess of $75,000.

112.    Landberg seeks punitive damages not only against defendants sued in their individual capacities, but also seeks punitive damages against Newburgh Heights, a political subdivision. See O.R.C. 2744.05 and 2744.09 (B) and (C).

**WHEREFORE**, Plaintiff demands reinstatement to the highest rank as an officer and/or higher ranking police employee including, but not limited to, Chief of Police at the Newburgh Heights Police Department and all lost wages Plaintiff would have received had the claims against the Defendants never occurred, including all interest on such sums, damages for emotional distress as described above, compensatory and punitive damages, and that judgment be entered against Defendants for a sum in excess of $75,000.00, plus interest, costs and attorney's fees. Landberg seeks punitive damages not only against

defendants sued in their individual capacities, but also seeks punitive damages against Newburgh Heights, a political subdivision. See O.R.C. 2744.05 and 2744.09 (B) and (C). Plaintiff seeks compensatory and punitive damages from Defendants, including damages for emotional distress, lost income and lost overtime, and liquidated damages, plus interest, costs, and attorney's fees in a sum in excess of $75,000.00. Defendants' conduct was malicious and/or intentional or was performed with reckless disregard for Landberg's rights.

Respectfully submitted,


*/s/ Dennis Niermann*
Dennis J. Niermann, Esq. (0007988)
PO Box 202295
Shaker Hts., OH 44120
P:  216-375-2696
E:  dennis@niermannlaw.com
*Attorney for Plaintiff*


*/s/ Lewis A. Zipkin*
Lewis A. Zipkin, Esq. (0030688)
Zipkin Whiting Co., L.P.A.
The Zipkin Whiting Building
3637 South Green Road – 2nd Floor
Beachwood, Ohio 44122
Telephone:  216/514-6400
Facsimile:  216/514-6406
zfwlpa@aol.com
*Attorney for Plaintif*

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues raised by each count of the Complaint.

/s/ **Dennis Niermann**
/s/ Dennis J. Niermann (0007988)
PO Box 202295
Shaker Hts., OH 44120
P:  216-375-2696
E:  dennis@niermannlaw.com
*Attorney for Plaintiff*


/s/ **Lewis A. Zipkin**
Lewis A. Zipkin, Esq. (0030688)
Zipkin Whiting Co., L.P.A.
The Zipkin Whiting Building
3637 South Green Road – 2nd Floor
Beachwood, Ohio 44122
Telephone:  216/514-6400
Facsimile:  216/514-6406
zfwlpa@aol.com
*Attorney for Plaintiff*

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Kenneth M. Landberg
P.O. Box 34
Nova, OH 44859

From: Cleveland Field Office
EEOC, AJC Fed Bldg
1240 E 9th St, Ste 3001
Cleveland, OH 44199

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2014-01283 | Sabrina R. Shifman, Investigator | (216) 522-7680 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Cheryl Mabry,
Director

NOV 2 2 2016
(Date Mailed)

Enclosures(s)

CC:  Luke F. McConville
Waldheger-Coyne
Gemini Tower I, Suite 550
1991 Crocker Road
Cleveland, Ohio 44145

Dennis J. Niermann, Esq.
DENNIS J. NIERMANN CO. LPA
P. O. Box 202295
Shaker Heights, OH 44120

PLAINTIFF'S
EXHIBIT
A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Kenneth M. Landberg<br>P.O. Box 34<br>Nova, OH 44859 | From: Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2014-01709 | Sabrina R. Shifman,<br>Investigator | (216) 522-7680 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Cheryl Mabry,
Director

NOV 2 2 2016
*(Date Mailed)*

cc: Luke F. McConville
Waldheger-Coyne
Gemini Tower I, Suite 550
1991 Crocker Road
Cleveland, Ohio 44145

Dennis J. Niermann, Esq.
DENNIS J. NIERMANN CO. LPA
P. O. Box 202295
Shaker Heights, OH 44120

PLAINTIFF'S
EXHIBIT
3

DC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA ☒ EEOC | 532-2014-01283 |

OCRC                                                                                    and EEOC
*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| [K]enneth M. Landberg | (419) 736-2134 | 02-15-1950 |

| Street Address | City, State and ZIP Code |
|---|---|
| [P]. O. Box 34, Nova, Ohio 44859 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| [N]EWBURGH HEIGHTS POLICE DEPARTMENT | 15-100 | (216) 641-2117 |

| Street Address | City, State and ZIP Code |
|---|---|
| [3]071 E. 49th Street, Newburgh Heights, Ohio 44125 | |

PLAINTIFF'S EXHIBIT C
PENGAD 800-631-6989

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|
| ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | | Earliest: 11-15-13   Latest: Present |
| ☒ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | | ☒ CONTINUING ACTION |
| ☐ OTHER *(Specify)* | | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

[O]n August 29, 2013, I filed Charge Number 532-2013-02129 alleging Age and Retaliation Discrimination.

[O]n November 15, 2013 I was ordered by Luke F. McConville, Newburgh Heights Law Director ("McConville"), to take a [p]olygraph test or possibly be discharged in connection with my including the typed name of my immediate supervisor Sergeant [M]ike Tsevdos ("Tsevdos") in connection with an award I received from Mother's Against Drunk Driving ("MADD") for excellent [s]ervice in connection with OVI (Operating Vehicle Impaired) arrests. Tsevdos, at the time, authorized me to include his typed [n]ame in my application for MADD's prestigious "Deuce Award." Tsevdos, approximately 35 years old, was never given a [p]olygraph exam. I took a 5 hour audio/video taped polygraph exam in the presence of my union lawyer Michael J. Hostler ("Hostler") and McConville. After I passed that exam, and despite that fact, a disciplinary hearing was subsequently conducted by [M]cConville. Present also were Hostler and Attorney George Glavinos ("Glavinos"). McConville kept asking the redundant [q]uestion challenging my polygraphed testimony that Tsevdos had approved my using his name in pursuit of the award. [U]ltimately, I was ordered to turn in not only my "Duece Award," but also a MADD "Top Cop" award that had nothing to do with [T]sevdos.

[S]ince my August 29, 2013 charge of discrimination mentioned above, Michael Marniella (approximately 36 years old) was hired [a]s a Patrolman and then promoted to full time on March 29, 2014, and Sara Bittner (approximately 26 years old) was hired on [F]ebruary 5, 2014 and was promoted to full time on March 31, 2014. I have been a police officer for over 14 years and I am still [w]orking part time and not receiving promotions to full time, nor am I being promoted to higher positions such as Sergeant, [L]ieutenant and Chief, while younger less experienced individuals are receiving them.

[I h]ave been subjected to retaliatory and age based conduct in violation of the Age Discrimination in Employment Act ("ADEA").

| | NOTARY – *When necessary for State or Local Agency Requirements* |
|---|---|
| [I wa]nt this charge filed with both the EEOC and the State or local Agency, if any. I will advise the [age]ncies if I change my address or phone number and I will cooperate fully with them in the [pro]cessing of my charge in accordance with their procedures. | |
| [I de]clare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| Date: 4-6-14   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* | APR 09 2014 |
|---|---|---|

EEOC CLEVELAND AREA UNIT
RECEIVED

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>532- 2014- 017-09 |
|---|---|---|

_____ and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Kenneth M. Landberg | Home Phone (Incl. Area Code)<br>(419) 736-2134 | Date of Birth<br>02-15-50 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| P. O. Box 37, Nova, Ohio 44859 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name<br>Newburgh Heights Police Department | No. Employees, Members<br>15-100 | Phone No. (Incl. Area Code)<br>(216) 641-5545 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 4071 East 49th Street, Newburgh Heights, Ohio 44125 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-16-14    Latest: Present

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have been employed by the Newburgh Heights Police Department ("NHPD") as an officer November 21, 2000 through April 16, 2014.

During my employment I have tried to be moved to a full-time position, and these positions were never made available to me, however they were consistently awarded to younger and less experienced applicants.

During my employment with the NHPD, management has made a number of false and petty charges against me, such as when they falsely claimed that I used a Sergeant's name on an application for a MADD award. They also claimed that I improperly ticketed and took the driver's license of an "important" person who was driving 90 plus miles per hour on I-77N.

I filed my most recent charge on April 9th, 2014 (which is attached and incorporated for reference) and was retaliatorily terminated a week later on April 16, 2014. I had filed one other charge, also attached and incorporated for reference) on August 29, 2013.

The charges used to fire me on April 16, 2014 were contrived and pretextual and not only involved the 90 plus mile per hour stop but also included false and irrelevant charges of failure to complete paperwork, to put evidence in the evidence locker and endangering motorists by reckless driving. I followed all procedures that were timely made known to me. The NHPD also resurrected old charges that had been resolved to fire me in retaliation for complaining about age discrimination.

No other younger officer was subjected to the treatment outlined above. I have been subjected to retaliatory and age based conduct in violation of the Age Discrimination in Employment Act ("ADEA").

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |

Date: 6-10-14    Charging Party Signature

EEOC CL ART UNIT
JUN 10 2014
RECEIVED

PLAINTIFF'S EXHIBIT D