
Caution
As of: April 29, 2018 3:48 PM Z

# Lee v. Univ. Hosps. Health Sys.

United States District Court for the Northern District of Ohio, Eastern Division

March 27, 2009, Decided; March 27, 2009, Filed

CASE NO.: 1:07 CV 3555

**Reporter**
2009 U.S. Dist. LEXIS 25816 *; 21 Am. Disabilities Cas. (BNA) 1782

JOHNNY LEE, SR., Plaintiff, v. UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., Defendant.

**Subsequent History:** Cause dismissed by, Remanded by *Lee v. Univ. Hosps. Health Sys., 2009 U.S. Dist. LEXIS 95089 (N.D. Ohio, Oct. 13, 2009)*

## Core Terms

judicial estoppel, summary judgment motion, disability, summary judgment, set forth, argues, genuine, prima facie case, accommodate, retaliation, disability discrimination, defense motion, restrictions, nonmoving, essential function, return to work, recommended, alleges, asserts

## Case Summary

### Procedural Posture

Plaintiff, a former employee, asserted claims for discrimination based on a disability in violation of *Ohio Rev. Code Ann. § 4112.02(A)*, and retaliation for the exercise of his rights under the Family and Medical Leave Act, *29 U.S.C.S. § 2601 et seq.* Defendant, his former employer, filed a motion for summary judgment.

### Overview

The former employee asserted that the employer was aware of his 1985 back injury, although he missed work only sporadically. However, he again suffered a back injury at work in 2001, and, as it deteriorated, availed himself of medical leave. His treating physician authorized him to return to work with lifting and other restrictions. He alleged that he was willing and able to perform the essential functions of his job with accommodation, but the employer refused to discuss the injury with him or to reasonably accommodate his disability, and instead constructively terminated his employment. The employer argued that the former employee's action should be barred, based upon principals of judicial estoppel, because he had filed for bankruptcy and failed to list the instant litigation as an asset in the bankruptcy. However, the bankruptcy trustee had been substituted as a plaintiff, so the claim was properly treated as property of the estate. The court found that the former employee had established a prima facie case of disability discrimination. The temporal proximity of his constructive termination to his taking leave supported a prima facie case of retaliation.

**Outcome**

The motion for summary judgment was denied.

**LexisNexis® Headnotes**

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine Disputes

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Legal Entitlement

# HN1[↓] Entitlement as Matter of Law, Genuine Disputes

Summary judgment is appropriate when the court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed. R. Civ. P. 56(c)*.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine Disputes

Civil Procedure > ... > Summary Judgment > Burdens of Proof > Movant Persuasion & Proof

# HN2[↓] Entitlement as Matter of Law, Genuine Disputes

The burden of showing the absence of a genuine issue rests with a party moving for summary judgment. A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact.

Civil Procedure > Judgments > Summary Judgment > Evidentiary Considerations

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts

# HN3[↓] Summary Judgment, Evidentiary Considerations

A fact is material for purposes of summary judgment only if its resolution will affect the outcome of the lawsuit. Determination of whether a factual issue is genuine requires consideration of the applicable evidentiary standards. A court views the summary judgment motion in the light most favorable to the party opposing the motion.

Civil Procedure > ... > Summary Judgment > Evidentiary Considerations > Scintilla Rule

# HN4[↓] Evidentiary Considerations, Scintilla Rule

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. Accordingly, the mere existence of a scintilla of evidence in support of the

plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Moreover, if the evidence presented is merely colorable and not significantly probative, the court may decide the legal issue and grant summary judgment. In most civil cases involving summary judgment, the court must decide whether reasonable jurors could find by a preponderance of the evidence that the non-moving party is entitled to a verdict. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.

Civil Procedure > ... > Summary Judgment > Burdens of Proof > Nonmovant Persuasion & Proof

### HN5[↧] Burdens of Proof, Nonmovant Persuasion & Proof

Once a party moving for summary judgment has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must produce evidence that results in a conflict of material fact to be solved by a jury.

Civil Procedure > ... > Summary Judgment > Burdens of Proof > Nonmovant Persuasion & Proof

### HN6[↧] Burdens of Proof, Nonmovant Persuasion & Proof

See Fed. R. Civ. P. 56(e).

Civil Procedure > ... > Summary Judgment > Supporting Materials > General Overview

### HN7[↧] Summary Judgment, Supporting Materials

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.

Civil Procedure > ... > Summary Judgment > Supporting Materials > Affidavits

### HN8[↧] Supporting Materials, Affidavits

Fed. R. Civ. P. 56(e) requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Hearsay evidence cannot be considered on a motion for summary judgment.

Civil Procedure > ... > Summary Judgment > Supporting Materials > General Overview

### HN9[↧] Summary Judgment,

**Supporting Materials**

Evidence that does not meet the standard for summary judgment may be considered by the district court unless the opposing party affirmatively raises the issue of the defect. If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and an appellate court will review such objections only to avoid a gross miscarriage of justice.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

**_HN10_[⬇]   Summary   Judgment, Entitlement as Matter of Law**

As a general matter, a district judge considering a motion for summary judgment is to examine only disputes over facts that might affect the outcome of the suit under governing law. The court will not consider nonmaterial facts, nor will it weigh material evidence to determine the truth of the matter. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Need for Trial

**_HN11_[⬇]   Entitlement as Matter of Law, Need for Trial**

Proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

Civil Procedure > ... > Preclusion of Judgments > Estoppel > Judicial Estoppel

**_HN12_[⬇]   Estoppel, Judicial Estoppel**

Judicial estoppel is an equitable doctrine that may be invoked by the court in its discretion.

Civil Procedure > ... > Preclusion of Judgments > Estoppel > Judicial Estoppel

**_HN13_[⬇]   Estoppel, Judicial Estoppel**

The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition. A court should also consider whether the party has gained an unfair advantage from the court's adoption of its earlier inconsistent statement. Although there is no set formula for

addressing when judicial estoppel should apply, it is well-established that at a minimum, a party's later position must be clearly inconsistent with its earlier position for judicial estoppel to apply. The doctrine of judicial estoppel is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contrary position without examining the truth of either statement.

Labor & Employment Law > ... > Disability Discrimination > Scope & Definitions > General Overview

HN14[↓] **Disability Discrimination, Scope & Definitions**

To establish a disability discrimination claim under Ohio law, a plaintiff must prove that: (1) he or she was disabled; (2) the defendant was aware of the disability; and (3) he or she could perform the essential functions of the job with or without an accommodation. Pursuant to *Ohio Rev. Code Ann. § 4112.01(A)(13)*, disability means a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of physical or mental impairment; or being regarded as having a physical or mental impairment.

Labor & Employment Law > ... > Retaliation > Statutory Application > Family & Medical Leave Act

Labor & Employment Law > ... > Family & Medical Leaves > Scope & Definitions > General Overview

HN15[↓] **Statutory Application, Family & Medical Leave Act**

A plaintiff may assert a prima facie case of Family and Medical Leave Act (FMLA) retaliation by demonstrating that: (1) he or she availed himself or herself of a protected right under the FMLA; (2) he or she suffered an adverse employment decision; and (3) a causal connection existed between the exercise of FMLA rights and the adverse employment decision.

Labor & Employment Law > ... > Retaliation > Elements > Causation

HN16[↓] **Elements, Causation**

The United States Court of Appeals for the Sixth Circuit has embraced the premise that in certain distinct retaliation cases, where the temporal proximity between the protected activity and the adverse employment action is acutely near in time, that close proximity is deemed indirect evidence such as to permit an inference of retaliation to arise.

**Counsel:** [*1] For Johnny Lee, Sr., Plaintiff: Joseph A. Condeni, Robert B. Kapitan, Smith & Condeni, Cleveland, OH.

For University Hospitals Health System,

Inc., Defendant: David A. Campbell, III, LEAD ATTORNEY, Heather M. Lutz, Vorys, Sater, Seymour & Pease - Cleveland, Cleveland, OH.

**Judges:** DONALD C. NUGENT, United States District Judge.

**Opinion by:** DONALD C. NUGENT

**Opinion**

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant University Hospitals Health System, Inc.'s Motion for Summary Judgment. (ECF # 20.) For the reasons set forth below, Defendant's Motion is DENIED.

**I. BACKGROUND**

On October 16, 2007, Mr. Lee filed a Complaint against Defendant in the Court of Common Pleas for Cuyahoga County, Ohio. (ECF # 1, Ex. 2.) In the Complaint, Mr. Lee states that he worked for Defendant from 1981 through 1996. (*Id.* at P 9.) Mr. Lee alleges that he returned to work for Defendant again in 1999, "and was employed there until his unlawful discharge in November 2006." (*Id.*) Mr. Lee claims that he injured his back while working for Defendant in 1985. (*Id.* at P 10.) Mr. Lee states that he received treatment for the alleged injury between 1985 and 1996, and he missed work "only sporadically to attend to his injury." (*Id.*) [*2] He also explains that he was assisted by his colleagues on occasion at work, when he could not lift heavy items due to his injury. (*Id.*)

In addition to the alleged injury in 1985, Mr. Lee claims that he again suffered a back injury at work in 2001, which he reported to his supervisor. (*Id.* at P 11.) Some time later, in 2004, Mr. Lee was assigned to Defendant's Sterilization Department as a Clinical Processor Technician ("CPT"), where he was responsible for sterilizing, preparing, and arranging instruments for surgery. (*Id.* at P 12.)

Mr. Lee alleges in the Complaint that, in October 2005, he requested, and Defendant approved, FMLA leave to treat his worsening back pain. (*Id.* at P 13.) Mr. Lee claims that, within the same month, his treating physician, Dr. Winer, authorized him to return to work with a 25-pound lifting restriction. (*Id.* at P 14.) Mr. Lee states that Dr. Winer also imposed restrictions on climbing and limited him to occasional bending, squatting, twisting, and reaching. (*Id.*) According to Mr. Lee, these limitations did not prevent him from performing the essential functions of his job. (*Id.*)

The Complaint states:

> Lee notified [Defendant] of the medical restrictions Dr. Winer [*3] imposed. [He] also requested intermittent FMLA leave to treat his improved, but still ongoing, back pain. He was told by Mary Wilson of [Defendant's] Human Resources Department that he could not return to his position as a CPT and that he must be '100 percent' to continue

working as a CPT. Lee submitted a letter in December 2005 to his supervisor, Kathy Dobie, indicating his medical restrictions and requesting accommodations for restrictions so that he could return to work. Dobie refused his requests in a letter dated January 3, 2006.

(*Id.* at PP 15-16.) Mr. Lee claims that, since November 2005, he has been "ready, willing, and able to perform the essential function of his job as a CPT." (*Id.* at P 17.) Mr. Lee alleges that, despite his readiness, willingness and ability to perform the essential functions of his job, Defendant has refused to discuss identifying a reasonable accommodation that would allow him to continue his employment. (*Id.* at P 18.) In sum, Mr. Lee contends that Defendant failed and/or refused to offer him a position, resulting in his constructive discharge. (*Id.* at P 19.)

In Count I of the Complaint, Mr. Lee attempts to set forth a cause of action for disability discrimination, [*4] alleging that Defendant "unlawfully discriminated against [him] because of his disability in violation of *O.R.C. § 4112.02(A)* by failing to engage in an interactive discussion with [him] about his employment, failing to reasonably accommodate his disability, constructively terminating his employment based on his disability and/or by regarding [him] as having a disability." (*Id.* at P 26.) In Count II of the Complaint, Mr. Lee claims that Defendant retaliated against him for exercising his rights under the FMLA. (*Id.* at P 30.) In addition to the damages requested in Counts I and II of the Complaint, Mr. Lee likewise seeks injunctive relief. (*Id.* at PP 32-35.)

On November 14, 2007, Defendant filed a Notice of Removal in this Court, removing the case to this Court pursuant to its federal question jurisdiction. (*Id.*) On December 22, 2008, Defendant filed a Motion for Summary Judgment, asking this Court to grant judgment in its favor on all Counts of the Complaint. (ECF # 20.) Mr. Lee filed a Memorandum in Opposition to Defendant's Motion on January 26, 2009. (ECF # 22.) On February 4, 2009, Defendant filed a Reply Brief in Support of its Motion for Summary Judgment. (ECF # 26.) Mr. Lee filed [*5] a Surreply on February 23, 2009. (ECF # 29.) Thus, the Motion has been briefed fully and is now ripe for disposition.

## II. STANDARD OF REVIEW

*HN1*[↑] Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *FED. R. CIV. P. 56(c)*. *HN2*[↑] The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)* (citing *FED. R. CIV. P. 56(c)*). HN3[↑] A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*. Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in [*6] the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)*.

HN4[↑] Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc., 48 F.3d 937, 941 (6th Cir. 1995)* (citing *Celotex, 477 U.S. at 322*). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir. 1995)* (citing *Anderson, 477 U.S. at 252*). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson, 477 U.S. at 249-50* (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id. at 252*. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, [*7] it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)*.

HN5[↑] Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 149 (6th Cir. 1995)*. *FED. R. CIV. P. 56(e)* states:

> HN6[↑] When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

HN7[↑] Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred [*8] with the Ninth Circuit that "'it is well settled that only

admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States, 20 F.3d 222, 225-26 (6th Cir. 1994)* (quoting *Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988))*. *FED. R. CIV. P. 56(e)* also has certain, more specific requirements:

> *HN8*[↑] [*Rule 56(e)*] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. *Rule 56(e)* further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley, 20 F.3d at 225-26* (citations omitted). However, *HN9*[↑] evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration [*9] of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id. at 226* (citations omitted).

*HN10*[↑] As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson, 477 U.S. at 248*. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id. at 249*. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, *HN11*[↑] proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson, 477 U.S. at 250*. It is with this standard in mind that the instant Motion must be decided.

## III. DISCUSSION

Defendant generally [*10] makes three arguments in support of its Motion for Summary Judgment. (ECF # 20.) First, Defendant argues that Mr. Lee is barred from bringing this action based upon principals of judicial estoppel. (*Id.* at 6-8.) Second, Defendant asserts that Plaintiff has not established a prima facie case of disability discrimination. (*Id.* at 8-11.) Finally, Defendant urges that Plaintiff has not established a prima facie case of FMLA retaliation. (*Id.* at 14-15.) The Court examines Defendant's arguments in turn.

## A. Judicial Estoppel

In its Motion for Summary Judgment, Defendant argues that judicial estoppel should apply here to bar Mr. Lee from asserting his claims because Mr. Lee, who filed for bankruptcy, failed to list this litigation as an asset in the bankruptcy. (*Id.* at 7.) Defendant states:

> Plaintiff filed an EEOC charge prior to filing bankruptcy, and thus, clearly knew about the existence of these claims as an asset that was required to be listed in the Bankruptcy. Moreover, after filing this litigation, Plaintiff amended his schedules during the administration of the Bankruptcy and still failed to list these claims as an asset. Plaintiff took a position in the Bankruptcy that is inconsistent [*11] with his current position. Plaintiff also succeeded in persuading a court to adopt his prior position when the Bankruptcy was discharged.

(*Id.* at 8.) Defendant argues that this Court should not allow Mr. Lee to "abuse the judicial process" by taking inconsistent positions, and summary judgment should be granted on all counts in the Complaint. (*Id.*)

In opposing Defendant's Motion, Mr. Lee argues that judicial estoppel has no application to this case. (ECF # 22 at 5.) As an initial matter, Mr. Lee contends that he "was not aware that this case should have been listed as an asset on his bankruptcy petition." (*Id.* at 6.) Mr. Lee states:

> I was not aware that my claims against University Hospitals were an asset that had to be listed on my bankruptcy petition, nor was I advised of it by my attorney. When I learned that I made a mistake, I asked my current attorney, Robert Kapitan, to contact Mr. Graham. I also called Mr. Graham on December 19, 2008, and he informed me that he would file a motion to amend the bankruptcy petition to include this case.

(*Id.*, Ex. A at P 19.) Mr. Graham, Mr. Lee's bankruptcy counsel, filed the Motion to Amend on December 21, 2008. (*Id.* at P 20.) Mr. Lee argues that, [*12] based on the foregoing, he has demonstrated an absence of bad faith and, as such, the application of judicial estoppel is unwarranted. (*Id.* at 6-7.)

HN12[⬆] Judicial estoppel is an equitable doctrine that may be invoked by the court in its discretion. *See New Hampshire v. Maine, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)*. The Sixth Circuit has explained that:

> HN13[⬆] The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition. A court should also consider whether the party has gained an unfair advantage from the court's adoption of its earlier inconsistent statement. Although there is no set formula for addressing when judicial estoppel should apply, it is well-established that at a minimum, a party's later position must be clearly inconsistent with its

earlier position for judicial estoppel to apply. Moreover, the doctrine of judicial estoppel is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contrary position without examining **[*13]** the truth of either statement.

*Jackson v. Communicare Health Servs., No. 1:06 CV 1948, 2009 U.S. Dist. LEXIS 13446, 2009 WL 455410, at *3 (N.D. Ohio Feb. 23, 2009)* (internal citations and quotations omitted).

This case is not dissimilar to another case recently before this Court, namely *Jackson v. Communicare Health Services, No. 1:06 CV 1948, 2009 U.S. Dist. LEXIS 13446, 2009 WL 455410 (N.D. Ohio Feb. 23, 2009)*. In that case, this Court referred the matter to the Magistrate Judge for a Report and Recommendation on the defendant's Motion to Dismiss. *2009 U.S. Dist. LEXIS 13446, [WL] at *1*. Upon review, the Magistrate Judge determined, and the plaintiff acknowledged, that by filing the action, she had asserted an inconsistent position from that which she had asserted to a bankruptcy court. *Id.* More specifically, plaintiff had stated to the bankruptcy court that her assets did not include any claim against defendant, despite knowing at the time the factual basis for her claim in the case before this Court. *Id.* The Magistrate Judge noted that, while he was sympathetic to plaintiff's assertion that her failure to disclose her claims to the bankruptcy court was due to neglect caused by stress, and not by any malicious motive, permitting plaintiff to avoid the consequences of **[*14]** judicial estoppel would unfairly benefit her by allowing her to pursue a claim for money damages that properly belonged only to her creditors. *2009 U.S. Dist. LEXIS 13446, [WL] at *4*.

Applying relevant law to the facts and circumstances of the case, the Magistrate Judge recommended that the Complaint be dismissed on the basis of judicial estoppel. *Id.* The Magistrate Judge recommended finding that plaintiff admittedly knew the factual basis of the undisclosed claim at the time she filed her bankruptcy petition and that there was a motive for concealment in that non-disclosure preserved the claim for herself personally rather than placing it in the estate for the benefit of her creditors. *Id.* Moreover, even if the failure to disclose was inadvertent due to stress, it would be unfair to plaintiff's creditors for her to avoid the consequences of judicial estoppel by proceeding with this claim when it was properly part of the estate. *Id.* For these reasons, the Magistrate Judge recommended this Court find plaintiff's claim to be precluded by judicial estoppel. *2009 U.S. Dist. LEXIS 13446, [WL] at *4-5*. This Court agreed with the Report and Recommendation of the Magistrate Judge and thus granted the Motion to Dismiss and terminated the case. *2009 U.S. Dist. LEXIS 13446, [WL] at *2*.

Although **[*15]** on its face this case is substantially similar to *Jackson*, it differs in one very significant respect. Here, on March 5, 2009, the Court granted a Motion to Substitute, making Alan Treinish, the bankruptcy trustee, the plaintiff in this action. (ECF # 31.) Unlike in *Jackson*,

allowing this case to proceed would not unfairly benefit Mr. Lee by allowing him to personally pursue claims for money damages that properly belong only to his creditors. Because the instant case is now being pursued by the trustee, rather than Mr. Lee, judicial estoppel should not operate to bar the claims in this matter. The claims in this case belong to Mr. Lee's creditors and, hence, there exists no motive for concealment. The Motion to Dismiss on this basis is DENIED.

## B. Disability Discrimination

Next, Defendant asserts that Mr. Lee has not established a prima facie case of disability discrimination. Plaintiff claims that Mr. Lee was discriminated against based on his alleged disability pursuant to Ohio Revised Code § 4112.02(A), in that Defendant purportedly failed to accommodate him. In order HN14[↑] to establish such a disability discrimination claim under Ohio law, Plaintiff must prove that: (1) Mr. Lee was disabled; [*16] (2) Defendant was aware of his disability; and (3) he could perform the essential functions of his job with or without an accommodation. See DeCesare v. Niles City Sch. Dist. Bd. of Educ., 154 Ohio App.3d 644, 650, 2003 Ohio 5349, 798 N.E.2d 655 (Ohio App. 11th Dist. 2003). Pursuant to Ohio Revised Code § 4112.01(A)(13), disability "means a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of physical or mental impairment; or being regarded as having a physical or mental impairment."

Plaintiff contends that he has established a prima facie case of disability discrimination based upon Defendant's failure to accommodate Mr. Lee. He argues first that Mr. Lee has a disability; he "suffered from an orthopedic impairment, back strain and degenerative disc disease from 1985 and continuing to the present." (ECF # 22 at 9.) Next, Plaintiff asserts that Defendant was aware of Mr. Lee's disability, and it took an adverse employment action against him by failing to bring him back to work even when he was cleared to work without restrictions. [*17] (Id. at 16.) Finally, Plaintiff argues that Mr. Lee could safely and substantially perform the essential functions of his job at night or during the other shifts despite his disability. (Id.)

Based upon the record before it, the Court finds that Plaintiff has set forth sufficient evidence to establish a prima facie case of disability discrimination based upon an alleged failure to accommodate. Because a genuine issue of material fact exists with respect to this claim, Defendant's Motion for Summary Judgment with respect to the disability discrimination claim is DENIED.

## C. FMLA Retaliation

In this case, HN15[↑] Plaintiff may assert a prima facie case of FMLA retaliation by demonstrating that: (1) Mr. Lee availed himself of a protected right under the FMLA; (2) he suffered an adverse

employment decision; and (3) a causal connection exists between Mr. Lee's exercise of his FMLA rights and the adverse employment decision. *See Jackson v. United Dairy Farmers, 554 F. Supp. 2d 813 (S.D. Ohio 2008)*. In the Motion for Summary Judgment, Defendant argues that Plaintiff fails to satisfy the second and third elements required to set forth a prima facie case, and it thus seeks judgment in its favor on that [*18] basis.

As set forth above, Plaintiff alleges that Defendant took an adverse employment action against Mr. Lee by failing to bring him back to work even when he was cleared to work without restrictions. As such, the sole issue for resolution is whether a causal connection exists between Mr. Lee's exercise of his FMLA rights and the alleged adverse employment decision. Here, Plaintiff argues that there exists a temporal connection between the alleged adverse employment decision and Mr. Lee's uses of FMLA leave.

In particular, Plaintiff urges that he has established facts that give rise to an inference of retaliation, stating:

> Employers are required to return an employee to his job or an equivalent position once the employee is cleared to work after taking FMLA leave. Mr. Lee took leave on October 25, 2005 and returned to work on November 4, 2005 with authorization from his doctor. That same day, Ms. Chester informed him that he could not return to work and did not place him in an equivalent position.

(ECF # 22 at 17 (emphasis and citation omitted).) HN16[↑] The Sixth Circuit has "embraced the premise that in certain distinct cases where the temporal proximity between the protected activity and the [*19] adverse employment action is acutely near in time, that close proximity is deemed indirect evidence such as to permit an inference of retaliation to arise." *Dicarlo v. Potter, 358 F.3d 408, 421 (6th Cir. 2004)*. Here, the temporal proximity between Mr. Lee's FMLA leave and the alleged adverse employment action suggest a causal connection. Considering this alleged fact in conjunction with the entire record before the Court, the Court finds that Plaintiff has set forth sufficient evidence to infer retaliation. As such, Defendant's Motion for Summary Judgment with respect to this claim is DENIED.

## IV. CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment filed by Defendant University Hospitals Health System, Inc. is DENIED. (ECF # 20.) This case shall proceed to jury trial at 8:30 a.m. on August 17, 2009.

IT IS SO ORDERED.

/s/ Donald C. Nugent

DONALD C. NUGENT

United States District Judge

DATED: March 27, 2009

End of Document