IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH LANDBERG, | ) | CASE NO.: 1:17 CV 298 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| NEWBURGH HEIGHTS POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion for Summary Judgment. (ECF #20).[1] For the reasons that follow, Defendants' Motion for Summary Judgment on Plaintiff's federal age discrimination claims are granted and Plaintiff's remaining state law claims are dismissed without prejudice.

## FACTS[2]

Plaintiff Kenneth Landberg filed this action in this Court on February 13, 2017 against

---

[1] Defendants have also filed a Motion to Strike Portions of the Affidavit of Ryan Sowders, attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (ECF #26) Paragraphs 7-11 of the Sowders Affidavit are unrelated to Plaintiff or his claims for the purposes of the motion before the Court. As such, Defendants' Motion to Strike is granted and paragraphs 7-11 of the Sowders Affidavit are stricken as irrelevant.

[2] Except as otherwise cited, the factual summary is based on the Complaint and the parties' statements of fact. Those material facts which are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving party.

Defendants Newburgh Heights Police Department, the Village of Newburgh Heights, Trevor Elkins, the Mayor of Newburgh Heights from 2012 through the present, Gabe Barone, the former Chief of Police of Newburgh Heights from 2010 through 2013 and John T. Majoy, the Chief of Police of Newburgh Heights from 2013 to the present. Counts I through IV of the Complaint allege various forms of age discrimination in violation of the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621 and Ohio Rev. Code Chapter 4112. Counts V through VII assert state law claims of tortious interference with a business relationship, intentional infliction of emotional distress and defamation per se, respectively.

Plaintiff was employed by the Village of Newburgh Heights ("Village") and the Newburgh Heights Police Department ("NHPD") as a part-time patrol officer from November 21, 2000 to April 16, 2014. (Landberg Aff. ¶¶ 3,5) Although classified and compensated as a part-time employee, Plaintiff asserts that he worked as many hours as the full-time officers and was denied the opportunity for a full-time position as a result of "NHPD's culture of ageism and discriminatory conduct that favored young officers and punished seasoned 'older' officers." (Id. at ¶5) Plaintiff states that he complained continuously from 2009 through his termination in 2014 regarding his hours being reduced in favor of younger officers and that all of the full time positions and promotions he sought were given to younger officers. (Id. at ¶¶ 6-7). On or around April 9, 2014, Plaintiff filed a charge with the EEOC against the Village alleging age discrimination and retaliation. (Id. at ¶ 11).

On April 16, 2014, Police Chief John Majoy brought written charges against Plaintiff. The Charges were sent to Plaintiff and faxed to his attorney. The basis of the Charges were "[a]ll of the various instances of misconduct, policy violation, incompetence, neglect of duty and/or

insubordination, when looked at together and when considering both of their significance and frequency, paint a disturbing picture of an officer who is (I) willfully insubordinate, (ii) incapable of adhering to Village policy; (iii) over-zealous in the arbitrary enforcement of laws, or, potentially worse, who looks for the opportunity to harass citizens, (iv) uninterested or incapable or carrying out his basic job duties; (v) lacking basic knowledge with respect to conducting a felony arrest; (vi) uninterested in the basic tenets of community policing, and (vii) unable to function as a Village of Newburgh Heights police officer." (ECF #20, Ex.4 at ¶ 4) The Village conducted a pre-disciplinary hearing on the Charges on April 18, 2014. Plaintiff attended with his attorney and was provided with the opportunity to respond to the Charges. Also present were Chief Majoy, Mayor Elkins and Solicitor McConville. Following the hearing, Chief Majoy suspended Plaintiff for 60 days and recommended that Plaintiff's employment with the Village be terminated. (Id. at ¶¶ 5-6) After performing his own investigation of the matter, Mayor Elkins issued a letter to Plaintiff dated April 18, 2014, notifying him that his employment with the Village was terminated immediately. (Id. at ¶ 7).

Plaintiff appealed his termination to the Clerk of Council and Mayor Elkins. The Village Council held a hearing on Plaintiff's appeal on May 20, 2014. Plaintiff was present and was represented by counsel. Witnesses were called and evidence was taken, although Plaintiff declined to testify. The Village Council issued its Findings of Fact and Conclusions of Law on June 17, 2014, concluding that "[t]he Mayor was justified in deciding to remove Landberg from employment with the Village. The Village's termination of Landberg's employment was based on legitimate, non-discriminatory factors, including, but not limited to serious policy violations, neglect of duty, insubordination, deficient police work, and Village of Newburgh Heights

3

Personnel Policy Manual Section 822, Group III offenses. Landberg presented no evidence of discrimination based on age or any other factor." (Id.)

Plaintiff appealed the Village Council's decision to the Court of Common Pleas for Cuyahoga County, Ohio, Case No. CV-14-827574, pursuant to R.C. Chapter 2506 and 737.19(B), where it was heard by Judge Janet Burnside. Judge Burnside reviewed the record on appeal, which included the Village Council's Findings of Fact and Conclusions of Law and issued her Judgment Entry on October 10, 2014. In her Judgment Entry, Judge Burnside noted that from March 23, 2011 to the date of his termination, Plaintiff received at least thirteen written warnings and verbal reprimands, and concluded that the Council's decision to terminate Plaintiff was supported by the evidence presented at the administrative hearing. As such, she affirmed the Council's decision to terminate Plaintiff's employment. (ECF #20, Ex. 1) Plaintiff did not appeal Judge Burnside's decision. Plaintiff filed this action on February 13, 2017.

## STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477

4

U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

5

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## ANALYSIS

### I. Age Discrimination Claims

Defendants assert that Plaintiff's age discrimination claims are barred by the doctrines of collateral estoppel and res judicata. Specifically, Defendants contend that the Judgment of the Cuyahoga County Court of Common Pleas in Case No. CV-14-827574, precludes Plaintiff's discrimination claims because Case No. CV-14-827574 was brought pursuant to Ohio Revised Code § 737.171 and Chapter 2506 which allowed Plaintiff a trial *de novo* on all questions of fact and law decided by the Village Council[3]. In her review of the matter, Judge Burnside determined that Plaintiff's termination was "due to the progressive nature of discipline, the sheer volume of disciplinary infractions and the serious nature of certain infractions," and thus was not for any discriminatory reason. Although an appeal of Judge Burnside's Judgment was available to Plaintiff, he chose not to pursue an appeal. Accordingly, Defendants argue that Judge Burnside's Judgment is a final, binding decision affirming Plaintiff's lawful termination which precludes

---

[3] Defendants note that it was Plaintiff's choice not to make an effort to introduce additional evidence in the Court of Common Pleas.

6

Plaintiff from re-litigating whether his termination was based on age discrimination.[4]

The Supreme Court has determined that a judgment of a state court sitting in an administrative review capacity will have preclusive effect on claims and issues brought in subsequent lawsuits according to the law of the state where the judgment was rendered. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82 (1982). Federal courts are required to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Id.* at 466; *ABS Indus., Inc., ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 Fed.Appx. 994, 998 (6th Cir. 2009). In *Kremer*, the Supreme Court also addressed the argument that even though administrative proceedings followed by state judicial review are legally sufficient to be given preclusive effect under the doctrine of res judicata, such proceedings should be deemed too procedurally flawed to be given full faith and credit recognition under § 1738. The Supreme Court determined that "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." 456 U.S. at 481-482.

Thus, the Court must look to the law of Ohio to determine what preclusive effect attaches to Judge Burnside's Judgment and also whether those proceedings satisfy the minimum

---

[4] The elements and burden of proof in an Ohio age discrimination claim are the same as that in federal court under the ADEA. *McLaurin v. Fischer*, 768 F.2d 98, 105 (6th Cir. 1985; *Barker v. Scovill, Inc.*, 451 N.E.2d 807, 808 (Ohio 1983). The Ohio Supreme Court has held that federal caselaw interpreting the ADEA is equally applicable to age discrimination claims brought under Ohio law. *Hodges v. City of Milford*, 918 F.Supp.2d 721, 734 (S.D. Ohio 2013) citing *City of Columbus Civ. Serv. Comm'n v. McGlone*, 82 Ohio St.3d 569 (1998). Accordingly, Defendants' res judicata argument would bar all of Plaintiff's age discrimination claims.

procedural requirements of due process. In Ohio, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (Ohio 1995). A judgment may be valid for the sake of res judicata even if the judgment was incorrect. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). "Whether claims 'arise out of the same transaction' depends on their logical relation-when '[the claims] involve many of the same factual issues, or ...whe[n] they are offshoots of the same basic controversy between the parties.'" *Stallings v. Goshen Dairy Stores, Inc.*, 1996 WL 366936 (6th Cir. 1996) (*quoting Shelar v. Shelar*, 910 F.Supp. 1307, 1311 n.2) The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in the first lawsuit." *Stuhlreyer v. Armco, Inc.*, 12 F.3d 75, 77 (6th Cir.1993) (citing *National Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180 (1990), *cert. denied*, 498 U.S. 1120, 111 S.Ct. 1075, 112 L.Ed.2d 1180 (1991)).

In Ohio, claim preclusion has four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction;
>
> (2) a second action involving the same parties or their privies, as the first;
>
> (3) a second action raising claims that were or could have been lititgated in the first action; and
>
> (4) a second action arising out of the transaction or occurrence that was the

subject matter of the previous action. *In re Fordu*, 201 F.3d 693, 703–04 (6th Cir. 1999) citing *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997) (citing *Felder v. Community Mut. Ins. Co.*, No. 96–3320, 1997 WL 160373, at *3–*4 (6th Cir. Apr. 4, 1997) (unpublished)).

8

In this case all four elements are present. First, the decision of Judge Burnside of the Court of Common Pleas for Cuyahoga County, Ohio, affirming that Plaintiff's termination was due to non-discriminatory reasons– is a final valid decision on the merits by a court of competent jurisdiction.

The second element is satisfied because this action involves the same parties or their privies as the first.

The third element is satisfied because Plaintiff could have raised his age discrimination claims or allegations before the Village Council and/or the Common Pleas Court. Plaintiff's notice of appeal states that he gives "notice of appeal on questions of law and fact pursuant to ORC 737.131" from the Village Council's decision to remove Plaintiff from his position as a sworn police officer. (ECF #20-5) The Village Council's findings of fact and conclusions of law, which state that Plaintiff was terminated for disciplinary reasons and that there was no evidence of age discrimination or other improper basis for the termination, was in the record before Judge Burnside. Pursuant to R.C. 737.19(B) the judicial review of the dismissal of a police officer on appeal on questions of law and fact:

> " * * * contemplates a trial *de novo*. * * * " *Cupps v. Toledo* (1961), 172 Ohio St. 536, 18 O.O.2d 82, 179 N.E.2d 70, paragraph two of the syllabus. A trial *de novo* is an independent judicial examination and determination of conflicting issues of fact and law. *Lincoln Properties v. Goldslager* (1969), 18 Ohio St.2d 154, 47 O.O.2d 316, 248 N.E.2d 57, paragraph one of the syllabus. In a trial *de novo*, the court of common pleas is empowered to " * * * substitute its own judgment on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact. * * * " *Newsome v. Columbus Civ. Serv. Comm.* (1984), 20 Ohio App.3d 327, 329, 20 OBR 430, 431, 486 N.E.2d 174, 177. Where a record of the proceedings before the council has been preserved, appellant has a privilege, not a right, to seek to present additional evidence through the testimony of witnesses, subject to

the sound discretion of the trial court. *Id.*

*Heatwall v. Boston Heights,* 68 Ohio App. 3d 96, 98, 587 N.E.2d 440, 441 (1990). Plaintiff in this action could have raised his age discrimination claims during his administrative appeal in the Court of Common Pleas.[5] The posture of this case is similar to *Lustgarten v. Ayres,* 1982 U.S. App. LEXIS 12523 (6th Cir. Jan. 6, 1982) cert. denied 456 U.S. 991 (1982), where the district court in the Southern District of Ohio granted the defendant hospital board's motion for summary judgment finding that Plaintiff's civil rights claims brought pursuant to § 1983 and § 1985 were barred by res judicata because those issues could have been presented during the state administrative appeal of her termination. The Sixth Circuit affirmed stating:

> Dr. Lustgarten could have raised her claims of sex and religious discrimination in the Ohio Common Pleas Court during her administrative appeal of the hospital board's adverse decision. Ohio Rev. Code § 2506.04....she also could have introduced new evidence in the Common Pleas court, evidence not adduced at her administrative hearing before the hospital board, and cross-examined witnesses who testified against her at the board hearing, all to prove the discrimination claims which she seeks to raise for the first time in federal court.. ...Dr. Lustgarten's civil rights claims therefore could have been fully and fairly litigated in her state administrative appeal. These claims are now barred by the doctrine of res judicata.

*Id.* at *3-*4. *See also, Maurer v. Leonard,* 2008 WL 5076818 at *5-*6 (S.D.Ohio Nov. 21, 2008)(§ 1983 claim precluded by state court judgment affirming State Personnel Board of Review decision affirming Plaintiff's termination for "immoral conduct, discourteous treatment of the public" and not for reasons advanced by Plaintiff in his subsequent federal action.) Here,

---

[5] If Plaintiff was denied the opportunity to add to the administrative record by the state court, he should have appealed that decision.

10

just as in *Maurer* and *Lustgarten*, Mr. Landberg could have raised his claims that he was discharged because of age discrimination and not for his numerous disciplinary infractions in his administrative appeal.

The fourth element required for claim preclusion is also satisfied here because Plaintiff's age discrimination claims arise from the same transaction or occurrence that was the subject matter of the previous action. All of Plaintiff's age discrimination claims arise from the circumstances surrounding his termination from the Village police force which was the focus of the proceedings before the Village Council and the Court of Common Pleas. Thus, as all four elements of res judicata/claim preclusion have been met, Plaintiff's age discrimination claims are precluded unless the state court proceedings failed to meet the minimum requirements of due process sufficient to be given recognition under § 1738. See *Kremer*, supra.

Review of the record shows that the minimum requirements of due process have been met in the state court proceeding. As noted above, Plaintiff was represented by counsel and was entitled to a trial *de novo*. The Ohio Rules of Civil Procedure and the Ohio Rules of Evidence applied. Plaintiff participated in the briefing and any arguments made in the state court. Finally, appellate rights existed, although Plaintiff did not appeal any alleged deficiencies or errors in the state proceeding. These procedures are sufficient to meet the minimum requirements of due process. *See Stallings v. Goshen Diary Stores*, 89 F.3d 835 (6th Cir. 1996) In *Stallings*, Plaintiff claiming he was wrongfully discharged because of his age, filed a charge with the OCRC which determined that no probable cause existed to believe that Mr. Stallings had been discriminated against because of his age. Plaintiff's application for reconsideration before the OCRC was denied. Mr. Stallings petitioned the Tuscarawas County Court of Common Pleas for judicial

11

review of the OCRC's finding. While the state action was pending, Mr. Stallings filed an action in the Northern District of Ohio asserting that he was terminated in violation of the ADEA. The Tuscarawas Court of Common Pleas issued its judgment finding that the OCRC's decision not to issue a complaint because of lack of probable cause was not irrational or capricious. Thereafter, the District Court granted the Defendant's motion for summary judgment finding that Mr. Stallings' ADEA action was barred by res judicata. The Sixth Circuit, in affirming the entry of summary judgment on the basis of res judicata, determined that the state court review of the administrative action satisfied the minimum requirements of due process.

Accordingly, the judgment Judge Burnside of the Cuyahoga County Court of Common Pleas affirming the decision of the Newburgh Heights Village Council that the Plaintiff was terminated "due to the progressive nature of discipline, the sheer volume of disciplinary infractions and the serious nature of certain infractions" is entitled to full faith and credit under § 1738 and precludes plaintiff's age discrimination claims in this Court. Accordingly, Defendants' Motion for Summary Judgment asserting that Plaintiff's age discrimination claims are barred by the doctrines of res judicata and/or collateral estoppel is granted.

## II. State Claims

Plaintiff age discrimination claims pursuant to the ADEA are the only claims in this matter over which this Court has original jurisdiction. Since the Court has granted summary judgement in favor of the Defendants on those claims, the Court exercises its discretion, pursuant to 28 U.S.C. §1367(c)(3), to decline to retain supplemental jurisdiction over the

remaining state law claims against the Defendants in this case. See *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244 (6th Cir. 1996). Plaintiff's remaining state law claims are dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment on Plaintiff's age discrimination claims is granted. The Court declines to retain supplemental jurisdiction over Plaintiff's remaining state law claims and those claims are dismissed without prejudice.

IT IS SO ORDERED.

                                                  /s/ Donald C. Nugent
                                                  DONALD C. NUGENT
                                                  UNITED STATES DISTRICT JUDGE

DATED: June 11, 2018